35,206-04

TO: MR. ABEL ACOSTA
CLERK
TEXAS COURT OF CRIMINAL APPEALS
P.O. BOX 12308
CAPITOL STATION
AUSTIN, TX. 78711

FROM: KEITH NICKERSON II
#636514
T.D.C.J--HUGHES UNIT
RT-2, BOX 4400
GATESVILLE, TX. 76597

JANUARY 30, 2015

RE: EX PARTE NICKERSON; WR-35,206-04

Mr. Acosta:

Salutations! Enclosed, please find one original and one copy of my "Applicant's Response to trial court's order of January 12, 2015," in the above-styled cause.

Please ensure that these are properly filed with the court, and keep me apprised as to any rulings thereon.

Thank you for your time and consideration.

Sincerely,

Keith Nickerson II
KEITH NICKERSON II
APPLICANT, PRO SE

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 02 2015
Abel Acosta, Clerk

DOCKET NO. WR-35,206-04

EX PARTE

KEITH NICKERSON II

§
§
§
§
§

IN THE TEXAS COURT OF
CRIMINAL APPEALS

ON APPLICATION FOR WRIT OF
HABEAS CORPUS

## CERTIFICATE OF SERVICE

I, KEITH NICKERSON II, DO HEREBY CERTIFY THAT ON JANUARY 30, 2015, I DID SEND ONE ORIGINAL AND ONE COPY OF MY "APPLICANT'S RESPONSE TO TRIAL COURT'S ORDER OF JANUARY 12, 2015" TO THE CLERK OF THE TEXAS COURT OF CRIMINAL APPEALS, MR. ABEL ACOSTA, AT P.O. BOX 12308, CAPITOL STATION, AUSTIN, TX. 78711, VIA U.S. MAIL, UNDER PENALTY OF PERJURY.

Keith Nickerson II
KEITH NICKERSON II
#636514
T.D.C.J. HUGHES UNIT
RT.2 BOX 4400
GATESVILLE, TX. 76597

Docket No. WR-35,206-04

Ex Parte

KEITH NICKERSON II

§ IN THE TEXAS COURT OF CRIMINAL
§ APPEALS
§
§ ON APPLICATION FOR WRIT OF
§ HABEAS CORPUS

APPLICANT'S RESPONSE TO TRIAL COURT'S ORDER OF JANUARY 12th, 2005

TO THE HONORABLE COURT:

COMES NOW KEITH NICKERSON II, APPLICANT, PRO SE, IN THE ABOVE-STYLED CAUSE, APPEALING THE 265TH JUDICIAL DISTRICT COURT'S ORDER FINDING NO CONTROVERTED, PREVIOUSLY UNRESOLVED FACTUAL ISSUES REQUIRING A HEARING.

FOR REASON OF THIS APPEAL, I WOULD SHOW:

I.

THAT IN GROUND ELEVEN OF MY APPLICATION, I RAISE THE POINT THAT THE 265TH JUDICIAL DISTRICT COURT DID NOT HAVE JURISDICTION TO TRY ME, AS I WAS JUVENILE UNDER TEXAS FAMILY CODE § 51.02(2)(B), BUT NOT AFFORDED JUVENILE SAFEGUARDS.

THIS GROUND OF ERROR WAS NOT PREVIOUSLY RAISED IN MY PRIOR APPLICATIONS, AS I COULD NOT DISCOVER THIS LAW UNTIL IT WAS BROUGHT TO MY ATTENTION BY ANOTHER PRISONER, AS T.D.C.J.'S LAW LIBRARIES DO NOT CARRY THIS LAW BOOK.

IN LIGHT V. TEXAS, 993 S.W. 2d 740, THIS COURT RULED THAT 'A JUVENILE CAN NOT WAIVE THE SERVICE OF PROCESS', AND THAT 'LACK OF JURISDICTION CAN BE RAISED AT ANY STAGE OF PROCEEDINGS, EVEN ON APPEAL.' (SEE: NOTES 6, 14, AND SECTION VIII. OF MY MEMORANDUM OF LAW.)

II.

THAT IN GROUND FIFTEEN OF MY APPLICATION, I POINT OUT THE PROSECUTOR'S USE OF INFLAMMATORY STATEMENTS.

AT THE LEAST, THE DISTRICT COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING TO REVIEW THE PROSECUTOR'S STATEMENTS, AND FIND OUT IF MY ALLEGATIONS ARE TRUE.

(1.)

## III.

That although the District Court alleges that my first application was denied on its merits, it was not. It was denied in toto, without review, as was my second application, not on their individual merits.

Ex Parte Barber, 879 S.W.2d 889, note 6 states, "Good cause exists for hearing second writ of habeas corpus, where point of error has been previously raised by applicant in writ of habeas corpus but was not decided upon by court, and is again raised in subsequent writ.";

## IV.

That my first application contained thirteen grounds for relief. My current application contains twenty-one grounds.

Truly, I apologize for pestering the court, and would like for this to be my LAST application. I only seek my "one full bite of the apple".

The District Court has not allowed me to review my own records, so I am asking the court to do so.

Although I have been seeking help for twenty-three years from the courts, I can only conclude with the words of U.S. Justice Frankfurter in his dissenting opinion in Bollenbach v. U.S., 66 S.Ct. 402 - "Wisdom too often never comes, and so one ought not to reject it merely because it comes late."

### Prayer

Wherefore, applicant prays that this court reviews his application for writ of habeas corpus de novo, due to the aforementioned jurisdictional violations, and the constitutional violations contained therein, as well.

Respectfully submitted,

Keith Nickerson II
KEITH NICKERSON II
APPLICANT, PRO SE

_____
Date

(2.)

DOCKET No. WR-35,206-04

§ IN THE TEXAS COURT OF CRIMINAL
§ APPEALS
EX-PARTE §
§ ON APPLICATION FOR WRIT OF
KEITH NICKERSON II § HABEAS CORPUS

APPLICANT'S RESPONSE TO TRIAL COURT'S ORDER OF JANUARY 12,2015

TO THE HONORABLE COURT:

COMES NOW KEITH NICKERSON II, APPLICANT, PRO SE, IN THE ABOVE-STYLED CAUSE, APPEALING THE 265TH JUDICIAL DISTRICT COURT'S ORDER FINDING NO CONTROVERTED, PREVIOUSLY UNRESOLVED FACTUAL ISSUES REQUIRING A HEARING.

FOR REASON OF THIS APPEAL, I WOULD SHOW:

I.

THAT IN GROUND ELEVEN OF MY APPLICATION, I RAISE THE POINT THAT THE 265TH JUDICIAL DISTRICT COURT DID NOT HAVE JURISDICTION TO TRY ME, AS I WAS JUVENILE UNDER TEXAS FAMILY CODE § 51.02 (2)(B), BUT NOT AFFORDED JUVENILE SAFEGUARDS.

THIS GROUND OF ERROR WAS NOT PREVIOUSLY RAISED IN MY PRIOR APPLICATIONS, AS I COULD NOT DISCOVER THIS LAW UNTIL IT WAS BROUGHT TO MY ATTENTION BY ANOTHER PRISONER, AS T.D.C.J.'S LAW LIBRARIES DO NOT CARRY THIS LAW BOOK.

IN LIGHT V. TEXAS, 993 S.W.2d 740, THIS COURT RULED THAT 'A JUVENILE CAN NOT WAIVE THE SERVICE OF PROCESS', AND THAT 'LACK OF JURISDICTION CAN BE RAISED AT ANY STAGE OF PROCEEDINGS, EVEN ON APPEAL.' (SEE: NOTES 6,14, AND SECTION VIII. OF MY MEMORANDUM OF LAW.)

II.

THAT IN GROUND FIFTEEN OF MY APPLICATION, I POINT OUT THE PROSECUTOR'S USE OF INFLAMMATORY STATEMENTS. AT THE LEAST, THE DISTRICT COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING TO REVIEW THE PROSECUTOR'S STATEMENTS, AND FIND OUT IF MY ALLEGATIONS ARE TRUE.)

(1.)

## III.

THAT ALTHOUGH THE DISTRICT COURT ALLEGES THAT MY FIRST APPLICATION WAS DENIED ON ITS MERITS, IT WAS NOT. IT WAS DENIED IN TOTO, WITHOUT REVIEW, AS WAS MY SECOND APPLICATION, NOT ON THEIR INDIVIDUAL MERITS.

EX PARTE BARBER, 879 S.W.2d 889, NOTE 6 STATES," GOOD CAUSE EXISTS FOR HEARING SECOND WRIT OF HABEAS CORPUS, WHERE POINT OF ERROR HAS BEEN PREVIOUSLY RAISED BY APPLICANT IN WRIT OF HABEAS CORPUS BUT WAS NOT DECIDED UPON BY COURT, AND IS AGAIN RAISED IN SUBSEQUENT WRIT.";

## IV.

THAT MY FIRST APPLICATION CONTAINED THIRTEEN GROUNDS FOR RELIEF. MY CURRENT APPLICATION CONTAINS TWENTY-ONE GROUNDS.

TRULY, I APOLOGIZE FOR PESTERING THE COURT, AND WOULD LIKE FOR THIS TO BE MY LAST APPLICATION. I ONLY SEEK MY "ONE FULL BITE OF THE APPLE".

THE DISTRICT COURT HAS NOT ALLOWED ME TO REVIEW MY OWN RECORDS, SO I AM ASKING THE COURT TO DO SO.

ALTHOUGH I HAVE BEEN SEEKING HELP FOR TWENTY-THREE YEARS FROM THE COURTS, I CAN ONLY CONCLUDE WITH THE WORDS OF U.S. JUSTICE FRANKFURTER IN HIS DISSENTING OPINION IN BOLLENBACH V. U.S., 66 S.CT. 402 - "WISDOM TOO OFTEN NEVER COMES, AND SO ONE OUGHT NOT TO REJECT IT MERELY BECAUSE IT COMES LATE."

## PRAYER

WHEREFORE, APPLICANT PRAYS THAT THIS COURT REVIEWS HIS APPLICATION FOR WRIT OF HABEAS CORPUS DE NOVO, DUE TO THE AFOREMENTIONED JURISDICTIONAL VIOLATIONS, AND THE CONSTITUTIONAL VIOLATIONS CONTAINED THEREIN, AS WELL.

RESPECTFULLY SUBMITTED,

_Keith Nickerson II_
KEITH NICKERSON II
APPLICANT, PRO SE

_____
DATE